DAVIS R. STOCKWELL vs. INHABITANTS OF BREWER.

*Wharf—occupation of. Partnership property—where taxable.*

The piling of sawed lumber upon a wharf to season, and the payment of wharfage therefor, do not constitute such an occupation of the wharf as is contemplated in R. S. c. 6, § 14, clause 1.

For the purpose of taxation, the firm, and not an individual member of it, is the owner of the partnership property.

Hence, where the plaintiff was a member of a firm, residing and carrying on a lumber business in Bangor, and also of another firm owning a wharf in Brewer,—he cannot be taxed in Brewer for his portion of the former firm's lumber piled on the wharf of the latter firm to season, and for which the former firm pays wharfage to the latter.

FACTS AGREED.

ASSUMPSIT for money had and received, to recover twenty dollars and seventeen cents.

The writ was dated Nov. 17, 1870.

The plaintiff is a resident of Bangor, in this county, and senior member of the firm of D. R. Stockwell & Co., lumber dealers, having their counting-room and only place of business in Bangor. The firm consists of two other persons, residents of Bangor, where the firm was assessed for the sum of eighteen thousand dollars for stock in trade in 1869, and the tax thereon duly paid. The plaintiff's share of the business is four-tenths.

In 1868, the plaintiff and E. H. & H. Rollins owned in common a wharf in Brewer, in this county, near the boundary line between Brewer and Bangor, and near the counting-room of D. R. Stockwell & Co; and at that time, D. R. Stockwell & Co. owned and piled upon Stockwell & Rollins' wharf, a quantity of sawed lumber to season. The lumber remained there upon the sticks till the summer of 1869, when it was shipped by D. R. Stockwell & Co., who paid wharfage by the thousand feet on all of the lumber to Stockwell & Rollins.

In April, 1869, the assessors of Brewer assessed a tax of $18.85 upon the plaintiff, as a non-resident, for his undivided interest in the said lumber of D. R. Stockwell & Co.; and the tax being unpaid on the 21st day of October, 1870, the treasurer and collector of Brewer issued his notice, directed to the plaintiff, informing him that he was taxed for State, county, and town taxes, by the assessors of Brewer for 1869, in the sum of $18.85, which sum he was required to pay in ten days, together with twenty cents for the summons, or the goods and chattels of the plaintiff, and for want thereof the body of the plaintiff would be distrained to satisfy the same. On Nov. 5, 1870, the sheriff of this county arrested the plaintiff, whereupon the proceedings were·had as stated in the following receipt:

" $20.17.                   BANGOR, Nov. 5th, 1870.

Received of D. R. Stockwell, Esq., twenty dollars and seventeen cents, in full discharge of a warrant issued against said Stockwell, by D. B. Doane, treasurer and collector of the town of Brewer, for the year 1869, said Stockwell having been arrested on said warrant, and pays the same under protest in order to be released from said arrest.            J. H. WILSON, *Sheriff.*"

The sheriff paid the sum of $20.17, less his fees ($1.32), into the defendants' treasury.

If the assessment was without authority of law, a default was to be entered for such sum as the court might direct.

*W. C. Crosby,* for the plaintiff.

The assessment was illegal, because,

1. " Goods, chattels, moneys, and effects " are the only general terms used in the statute, neither of which includes an undivided interest in goods. R. S. of 1857, c. 6, § 5.

2. The assessment not defining what fractional part of the whole property was assessed, is void for uncertainty. A partner's real interest in the property of the firm may be more or less dependent upon the settlement of the partnership affairs.

3. The lumber assessed belonged to D. R. Stockwell & Co., and not to the plaintiff. R. S. of 1857, c. 6, §§ 10, 11 and 21; *Lee* v. *Templeton*, 6 Gray, 579; *Field* v. *Boston*, 10 Cush. 65.

4. The occupancy of the wharf must be exclusive. *Campbell* v. *Machias*; 33 Maine, 419.

5. The defendants are liable for the whole amount paid by the plaintiff. It was paid to their agent. The item of $1.32 is important on the question of costs. The technical point, that this item was not paid into the town treasury, should not prevail. The action for money had and received has always been favored as an equitable procedure, and the actual payment of money has not been vital to its support; money's worth or money constructively received is sufficient. *Floyd* v. *Day*, 3 Mass. 403; *Emerson* v. *Baylies*, 19 Pick. 55; *Perry* v. *Swasey*, 12 Cush. 36; *Appleton* v. *Bancroft*, 10 Met. 237.

*J. A. Peters & F. A. Wilson*, for the defendants.

The plaintiff's four-tenths was a taxable interest. It was on a wharf occupied by him as owner.

When the firm paid the owner's wharfage, the plaintiff paid himself, he owning one-half the wharf. He was lessor and lessee.

The case is within the letter and spirit of the law. *Desmond* v. *Machiasport*, 48 Maine, 478.

If the plaintiff were taxable the proportion is immaterial, since his remedy to correct it is by appeal. *Stickney* v. *Bangor*, 30 Maine, 404.

The lumber was not employed in their business as under R. S. of 1857, c. 6, § 21.

The amount paid as officer's fees not recoverable, since town never received them. *Briggs* v. *Lewiston*, 29 Maine, 472.

DANFORTH, J. The case finds that the plaintiff is a member of the firm of D. R. Stockwell & Co., all of whose members reside, and whose only place of business is in Bangor. It also appears that the property taxed by the defendants was the property of the

Stockwell *v.* Inhabitants of Brewer.

firm and was used in their partnership business. Such property can only be taxed to the firm "in the town where their business is carried on." R. S. 1857, c. 6, § 21 (R. S. c. 6, § 27).

It does not come within the exception provided for in c. 53, of the Public Laws of 1869. For the purpose of taxation, the firm, and not an individual member of the firm, is the owner, as seen by the statute above referred to.

The firm did not "occupy" a wharf in Brewer as contemplated by the statute. Paying wharfage is not sufficient. *Campbell* v. *Machias*, 33 Maine, 419; *Lee* v. *Templeton*, 6 Gray, 579.

Nor would it change the result could we consider the plaintiff as owner of the portion taxed to him. In relation to this lumber, he does not occupy the wharf in Brewer either as owner or lessee. His ownership of the lumber is as a member of the firm; as a member of the firm he pays wharfage; and it is by virtue of this membership and payment, and this alone, that he deposits this lumber upon the wharf. As the firm does not "occupy" the wharf as contemplated by the statute, it follows that he does not. Therefore, in any view we can take of the case, the plaintiff was not taxable in Brewer.

But in this action he can only recover the amount of the tax and interest. *Briggs* v. *Lewiston*, 29 Maine, 472.

> *Judgment for plaintiff for $18.85*
> *and interest from Nov. 5, 1870.*

APPLETON, C. J.; KENT, WALTON, and DICKERSON, JJ., concurred.